## Commonwealth *v.* Romeo, Appellant.

*Criminal law—Murder—Murder of the second degree—Evidence—Sufficiency.*

When at the trial of an indictment for murder it appeared that defendant and another participated in a fight in which deceased was stabbed and killed either by defendant or his associate; and that defendant actively assisted his associate in the affray, although he could have withdrawn, the case was for the jury and a verdict of guilty of murder of the second degree was justified by the evidence.

Argued Oct. 13, 1916.    Appeal, No. 201, Oct. T., 1915, by defendant, from sentence of O. & T., Allegheny Co., Oct. Sess., 1914, No. 8, on verdict of guilty of murder of the second degree, in case of Commonwealth of Pennsylvania v. Frank Romeo.    Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ.    Affirmed.

Indictment for murder.    Before Swearingen, J.

From the record it appeared that defendant and one Antonio Arecchi and a number of others had congregated in a saloon in the City of Pittsburgh; that a quarrel was started; that defendant and Arecchi got into an altercation with one David A. Bell and Thomas Adair, that Adair was stabbed, and thereafter either Arecchi or defendant stabbed Bell, killing him; and that defendant was actively participating in the struggle on the side of Arecchi to overcome their common adversaries Bell and Adair.    It further appeared that Adair had no weapons. The jury found a verdict of guilty of murder of the second degree.    Defendant was sentenced to pay a fine of 6¼ cents and to pay the cost of prosecution and undergo imprisonment of not less than twelve years and six months nor more than thirteen years.    Defendant appealed.

*Errors assigned* were as follows:

First. The learned court erred in refusing to give bind-

ing instructions to the jury to find the defendant, Romeo, not guilty.

Second. The court erred in charging the jury that Frank Romeo could be found guilty of murder.

Third. The court erred in charging the jury that if they believed that Frank Romeo was aiding, abetting and participating in the committing of the crime that he could be found guilty of murder.

Fourth. The court erred in not stating to the jury in any manner whatsoever the part that Frank Romeo took in the killing of David Alexander Bell and the charge was insufficient, inadequate and not impartial.

Fifth. The court erred in failing to adequately review the evidence.

Sixth. The verdict was against the evidence.

Seventh. The verdict was against the law.

Eighth. The court erred in refusing to grant Frank Romeo a new trial.

Ninth. The court erred in pronouncing the following sentence:

And now, January 29, 1915, the defendant, Frank Romeo, sentenced to pay a fine of 6¼c to the Commonwealth, pay costs of prosecution, and undergo an imprisonment of not less than twelve years and six months nor more than thirteen years in the western penitentiary and stand committed. Effective at expiration of sentence at No. 87 October Term, 1914, Q. S.

*Alfred Cahen,* for appellant.

*P. M. Cancelliere,* with him *R. H. Jackson,* for appellee.

PER CURIAM, January 8, 1917:

Crude as are the assignments of error in this case, they have been duly considered, in view of the serious consequences to the defendant of the judgment pronounced upon him, but there is nothing to be found in them calling for its reversal, and it is, therefore, affirmed.